**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50081 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-03138-LAB-1 |
| v. | |
| GEORGE WAW, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted May 4, 2011
Pasadena, California

Before: SILVERMAN, TALLMAN, and CLIFTON, Circuit Judges.

George Waw appeals the district court's order denying his request to vacate

his conviction on selective prosecution grounds. We affirm.

After weighing the evidence put forth by Waw and the government, the

district court concluded that Waw had not established selective prosecution, and,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

further, that even if he had, vacating Waw's conviction was not an appropriate remedy. We agree.

As to the latter basis, while *United States v. Redondo-Lemos* did not foreclose vacating a conviction as a possible remedy for selective prosecution, the court "caution[ed] . . . against broader . . . remedies." 955 F.2d 1296, 1302-03 (9th Cir. 1992). Waw alleged prejudice only with respect to the plea deal he was offered and the consequent amount of time he would serve. His guilt and the decision to prosecute him were not at issue. We cannot fault the district court's conclusion that vacating the conviction would not have been appropriate even if Waw's selective prosecution claim had merit. *See United States v. Chapman*, 524 F.3d 1073, 1087 (9th Cir. 2008) ("A court may dismiss an indictment under its supervisory powers only when the defendant suffers substantial prejudice, and where no lesser remedial action is available." (internal citations and quotation marks omitted)).

**AFFIRMED.**